**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **Rockin' Jump Franchise, LLC, Rockin' Jump Holdings, LLC, Sky Zone, LLC, and CircusTrix Holdings, LLC,**<br><br>Petitioners,<br><br>v.<br><br>**Jump Buffalo Grove, LLC,**<br><br>Respondent. | Case No. 1:21-cv-2293 |

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioners, Rockin' Jump Franchise, LLC, Rockin' Jump Holdings, LLC, Sky Zone, LLC, and CircusTrix Holdings, LLC (collectively, "Petitioners"), by their attorneys, and pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, respectfully request that this Court confirm and enter judgment on an arbitration award. In support of their Petition, Petitioners state as follows:

### Nature of the Action

1. This is an action brought pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, to confirm an arbitration award. The arbitration proceedings between Petitioners and Respondent Jump Buffalo Grove, LLC ("JBG") were conducted under the auspices of the American Arbitration Association in Chicago, Illinois, pursuant to the dispute resolution procedures set forth in the Franchise Agreement between JBG and Petitioner Rockin' Jump Franchise, LLC ("RJF"). On December 4, 2020, Arbitrator Thomas P. Quinn, Esq. issued a Final Award. By this action, Petitioners seek confirmation of the Arbitrator's Final Award and entry of judgment thereon.

1

## The Parties, Jurisdiction and Venue

2. Petitioner RJF is a limited liability company whose sole member is Petitioner Rockin' Jump Holdings, LLC ("RJH").

3. RJH is a limited liability company whose sole member is Petitioner CircusTrix Holdings, LLC ("CircusTrix").

4. Petitioner Sky Zone, LLC ("Sky Zone") is a limited liability company whose sole member is Petitioner CircusTrix.

5. Petitioner CircusTrix is a limited liability company whose sole member is Trampoline Acquisition Holdings, LLC.

6. Trampoline Acquisition Holdings, LLC's sole member is Trampoline Acquisition Parent Holdings, LLC. Trampoline Acquisition Parent Holdings, LLC's members are the following: (a) Trampoline Acquisition Corp, a Delaware corporation with its principal place of business in New York; (b) Tramp Dudez, LLC, a limited liability company whose members are (i) Peery Partners, a partnership whose partners are Jason Peery and Ben Crocket, both of whom are citizens of California, (ii) Pejman Nowzad, a citizen of California, (iii) Dave Peery, a citizen of Washington, and (iv) Richard Cook, a citizen of Utah; (c) Entrepology, LLC, a limited liability company whose sole member is Case Lawrence, a citizen of Utah; (d) Entrepology 2, LLC, a limited liability company whose sole member is Case Lawrence, a citizen of Utah; (e) Mike Carpenter, a citizen of North Carolina; (f) Vicky Carpenter, a citizen of North Carolina; (g) Edge Creations, Inc., a Utah corporation with its principal place of business in Utah; (h) Richard Cook, a citizen of Utah; (i) The Launch Pad, Inc., a South Dakota corporation with its principal place of business in South Dakota; (j) Mark McOmber, a citizen of California; (k) Expherience, LLC, a limited liability company whose sole member is Erik Hagen, a citizen of Utah; (l) The McLain

Revocable Trust, whose trustee is Scott McLain, a citizen of Arkansas; (m) EUNJUHAYNE Charitable Remainder Unitrust, whose trustees are Steven Larkin, a citizen of Virginia, and Henry Larkin, a citizen of Virginia; (n) Stephanie Marcus, a citizen of Virginia; (o) Rocky Point, LLC, a limited liability company whose members are Allan Asay, a citizen of Utah and Dana Asay, a citizen of Utah; (p) Jason Asay, a citizen of Utah; (q) Investors Freedom, LLC, a limited liability company whose sole member is Floyd Hanson, a citizen of Utah; (r) Doug Lee, a citizen of Utah; (s) Logan Lawrence, a citizen of California; (t) Edward Hernandez, a citizen of North Carolina; (u) Delinda Hernandez, a citizen of North Carolina; (v) Chad Posthumus, a citizen of North Carolina; (w) Shanda Posthumus, a citizen of North Carolina; (x) Mile High Aces, LLC, a limited liability company whose members are Allan Asay, a citizen of Utah, and Dana Asay, a citizen of Utah; (y) David Mason, a citizen of California; (z) Tymber Lee, a citizen of Kansas; (aa) Mclane Lawrence, a citizen of Arizona; (bb) Jeremy Ware, a citizen of California; (cc) Andrew Wilson, a citizen of Texas; (dd) Susan Wilson, a citizen of Texas; (ee) Marc Collopy, a citizen of California; (ff) Joseph Freschi, a citizen of California; (gg) Lorraine Wilson, a citizen of California; (hh) Michael Revak, a citizen of California; (ii) Craig Smith, a citizen of California; (jj) Brett Mortenson, a citizen of California; (kk) Ken Easley, a citizen of California; (ll) HJ Conyers, a citizen of California; (mm) Mariana Easley, a citizen of California; (nn) James "Scott" Carnathan, a citizen of California; (oo) MCDRE, LLC; a limited liability company whose sole member is Pete McDonough, a citizen of California; (pp) Jeff Platt, a citizen of California; (qq) David Matthew Lambeth, a citizen of California; (rr) Glenn Lord, a citizen of California; and (ss) Planet Holdings, LLC, a limited liability company whose members are (i) JUMP101, LLC, a limited liability company whose members are Mike Clark, a citizen of Idaho, and Spencer Clark, a citizen of Idaho, (ii) Blue World Marketing, Inc., a Utah corporation with its principal place of business in Utah,

(iii) Sunnyside Capital Group LLC, a limited liability company whose members are Todd Rawles, a Utah citizen, and Tracy Rawles, a Utah citizen, (iv) CS Equity Partners, LLC, a limited liability company whose members are Sam Noel, a Utah citizen, and Clay Williams, a Utah citizen, (v) J2J Investments, LLC, a limited liability company whose sole member is Jennie Johnson, an Idaho citizen, (vi) Reagan Hansen, a Washington citizen, and (vii) Shereka Kelley, a Utah citizen.

7. Respondent JBG is a limited liability company whose sole member is James Gondeck ("Gondeck"), a citizen of Illinois.

8. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district, and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, which provides that an application to confirm an arbitration award "may be made to the United States court in and for the district within which such award was made."

**Background**

10. On or about September 27, 2017, RJF entered into a written Franchise Agreement (the "Franchise Agreement") with JBG, pursuant to which RJF granted JBG a franchise to operate a Rockin' Jump indoor trampoline park located at 950 Busch Parkway, Buffalo Grove, Illinois. (A true and correct copy of the Franchise Agreement is attached hereto as Exhibit A and incorporated herein by reference.)

11. At the same time, Gondeck executed a Personal Guaranty of Franchisee's Obligations (the "Guaranty") under which he agreed, among other things, to be personally bound

by, and personally liable for the breach of, each and every provision in the Franchise Agreement. (A true and correct copy of the Guaranty is attached hereto as Appendix B to the Franchise Agreement.)

12. Section 19.12(2) of the Franchise Agreement provides, in pertinent part, that:

> [A]ny dispute, controversy or claim between you and us and any of our or your Affiliates, officers, directors, shareholders, members, guarantors, employees or owners arising under, out of, in connection with or in relation to this Agreement, any lease or sublease for your Business, any loan or other finance arrangement between us or our Affiliates and you, the parties' relationship, your Business, or any System Standard or the scope of validity of the arbitration obligation under this Article not resolved by mediation [pursuant to Section 19.12(1)] must be submitted to binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association then in effect by one arbitrator. . . .
>
> The arbitrator can issue summary orders disposing of all or part of a claim and provide for . . . interim/final relief. Each party consents to the enforcement of such orders, injunctions, etc., by any court having jurisdiction. . . .
>
> The judgment of the arbitrator on any preliminary or final arbitration award will be final and binding and may be entered in any court having jurisdiction.

**The Arbitration Proceeding and Award**

13. On or about April 9, 2019, JBG filed a Complaint for Injunctive and Other Relief against Petitioners in the Circuit Court of Lake County, Illinois, bringing claims arising out of the Franchise Agreement between JBG and RJF.

14. On or about May 16, 2019, Petitioners filed a Notice of Removal to remove the action to the Northern District of Illinois on the basis of diversity jurisdiction.

15. Because JBG's claims arose out of the Franchise Agreement, JBG agreed to dismiss the action pending in the Northern District of Illinois, and on or around June 18, 2019, JBG filed a Demand for Arbitration against Petitioners with the American Arbitration Association, pursuant to Section 19.12(2) of the Franchise Agreement.

16. On April 3, 2020, JBG filed an Amended Demand for Arbitration against Petitioners, setting forth claims for breach of contract, breach of the implied duty of good faith and fair dealing, fraudulent concealment, and violation of the Illinois Franchise Disclosure Act, 815 ILCS 705/1, *et. seq.*,

17. Pursuant to the August 13, 2020 Notice of Hearing issued by the American Arbitration Association, an evidentiary arbitration hearing was held via videoconference before Arbitrator Quinn on August 17–August 21, 2020, sitting in Chicago, Illinois.

18. On October 14, 2020, after the submission of post-hearing briefs, Arbitrator Quinn issued an Interim Award. The Interim Award found in favor of Petitioners and against JBG on each of JBG's claims and entered an award in favor of Petitioners and against JBG on the Amended Arbitration Demand. (A true and correct copy of the Interim Award is attached hereto as Exhibit B.)

19. On December 4, 2020, after the submission of JBG's Post-Interim Brief and Petitioners' Petition for Attorneys' Fees and Costs, Arbitrator Quinn issued a Final Award. The Final Award concluded that Petitioners were the "prevailing party" under the terms of the Franchise Agreement, which provided (in Section 19.12(4)) as follows:

> <u>Costs and Attorneys' Fees</u>. The prevailing party in any action or proceeding arising under, out of, in connection with, or in relation to this Agreement will be entitled to recover its reasonable costs and expenses (including attorneys' fees, arbitrator's fees and expert witness fees, costs of investigation and proof of facts, court costs, and other arbitration or litigation expenses) incurred in connection with the claims on which it prevailed.

20. The Final Award awards Petitioners $687,703.82 in attorneys' fees and costs against JBG. (A true and correct copy of the Final Award is attached hereto as Exhibit C.)

**Confirmation of the Award**

21.     Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, provides that at any time within one year after an arbitration award is made, any party to the arbitration may apply for an order confirming the arbitration award. Section 9 further provides that unless the arbitration award has been vacated, modified or corrected as prescribed in Sections 10 and 11 of the Federal Arbitration Act, 9 U.S.C. §§ 10 & 11, the Court must grant an order confirming the award.

22.     This application is timely made in that the Final Award was issued less than one year ago, on December 4, 2020. Further, the Final Award has not been vacated, modified or corrected.

23.     No previous application has been made for the relief requested herein.

24.     Section 12 of the Federal Arbitration Act, 9 U.S.C. § 12, provides that notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. As of the date of filing (more than three months after the Final Award was delivered), JBG has not served Petitioners with any notice of a motion to vacate, modify, or correct the Final Award. JBG has thus forfeited its right to oppose confirmation of the Final award. *Lander Co. v. MMP Invs., Inc.*, 107 F.3d 476, 478 (7th Cir. 1997) ("Under the [Federal Arbitration] Act, if you fail to move to vacate an arbitration award you forfeit the right to oppose confirmation (enforcement) of the award if sought later by the other party."); *Garmin Wurzburg GmbH v. Auto. Imagineering & Mfg.*, LLC, No. 3:14-CV-02006-PPS, 2015 WL 4491231, at *4 (N.D. Ind. July 23, 2015) (same); *see also Gosser v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 07 CV 00672, 2007 WL 4365385, at *4 (N.D. Ill. Dec. 13, 2007) (after failure to successfully challenge the arbitration award within the requisite 90-day limitation period, "the award is now final").

**PRAYER FOR RELIEF**

**WHEREFORE,** Petitioners respectfully request that this Court confirm the Final Award rendered by Arbitrator Quinn and enter judgment thereon, as follows:

A. Judgment in favor of Petitioners Rockin' Jump Franchise, LLC, Rockin' Jump Holdings, LLC, Sky Zone, LLC, and CircusTrix Holdings, LLC and against Respondent Jump Buffalo Grove, LLC, in the amount of $687,703.82, plus post-judgment interest; and

B. Such other relief as the Court deems just and proper.


Dated: April 28, 2021 /s/ John F. Verhey
John F. Verhey
Emily D. Gilman
DLA PIPER LLP (US)
444 W. Lake Street, Suite 900
Chicago, IL 60606-0089
Telephone: (312) 368-4044
john.verhey@dlapiper.com
emily.gilman@dlapiper.com

*Counsel for Petitioners Rockin' Jump Franchise, LLC; Rockin' Jump Holdings, LLC; Sky Zone, LLC; and CircusTrix Holdings, LLC*